JOHN H. POWER *v.* JAMES PINKERTON.

*A bill of exchange was presented to the defendant, for the purpose of ascertaining whether the acceptance was in his handwriting. He examined it, saying, "We will say nothing about that; the bill will be paid." Upon this assurance, the plaintiff gave a valuable consideration for the bill. Held, That the defendant was precluded thereafter from setting up that the acceptance was a forgery.*

THIS action was brought against the defendant, as the alleged acceptor of a draft drawn upon him by one Browne, who had endorsed the same for a good consideration to the plaintiff. The answer denies the acceptance, and charges, that the writing upon the draft, purporting to be his acceptance, is a forgery. When the draft was offered by Browne to the plaintiff, the latter doubted the genuineness of the defendant's signature. The only evidence adduced at the trial was that of one witness, who testified, that he called upon the defendant, who looked at the draft, said that he owed Browne, and would pay him out of the first money received. Upon being asked if the signature to the acceptance was his, he replied, "We will say nothing about that; but tell Mr. Power, (plaintiff,) that I will come down in a few days, and that I will pay it out of the first money I get from my street work."

On the trial, the defendant's counsel requested the judge to charge, that to make the defendant liable as acceptor of the draft, it was necessary to prove his handwriting; that no parol evidence of a promise to pay, is sufficient to charge the acceptor; that, in this case, there is no evidence that the defendant ever wrote the alleged acceptance across the face of the paper; and that the defendant was not estopped from proof of the forgery set up in the answer. The court refused the request, and the jury found for the plaintiff.

From an order, at special term, denying a new trial, the defendant appealed.

Power v. Pinkerton.

*James R. Whiting*, for the defendant.

*H. Brewster*, for the plaintiff.

BY THE COURT. DALY, J.—The declaration of the defendant, that the *bill would be paid*, precludes him from setting up that the acceptance was a forgery, the plaintiff having, upon that assurance, given a valuable consideration for the bill. There is no pretence of mistake. He was directly asked if the signature was his, and he had the bill in his hand, and examined it by the light of the corner store. It is urged that he did not declare that the bill would be paid, but simply admitted that he owed Mr. Browne money, and that that money would be paid out of the first he received. He said that "he owed Mr. Browne money, and that he would pay *it* out of the first money he received." If this was the only testimony in the case, there might be some pretence for setting up, that by " it " he referred to the money and not to the bill. But when the witness was examined on the direct, he expressly swore that the defendant said that the bill would be paid. His remark, " we will say nothing about that," when asked if the bill was in his handwriting, cannot be regarded as qualifying the faith and credit he gave to the bill by declaring that it would be paid. The case is a very plain one, upon well settled principles, and the order made at the special term must be affirmed with costs.